E-FILED
Friday, 09 July, 2021 10:28:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL DUMONT,<br>    Plaintiff,<br><br>v.<br><br>JOHN DOE,<br>    Defendant. | )<br>)<br>)<br>)    Case No. 1:21-cv-01116-SLD<br>)<br>)<br>) |

**MERIT REVIEW ORDER**

**HAROLD A. BAKER, United States District Judge:**

Plaintiff *pro se* Michael Dumont, who is incarcerated at United States Penitentiary Marion ("USP Marion"), filed a complaint [1] under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that the victim of a constitutional violation by a federal officer may bring suit for money damages in federal court); *see also Carlson v. Green*, 446 U.S. 14, 18 (1980) ("*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."). Plaintiff has also filed a motion for recruitment of counsel [4].

**I. THE SCREENING STANDARD**

Plaintiff's complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the complaint, and through such process identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

1

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. COMPLAINT

Plaintiff explains that in 2007, "nanoneurotechnologies" (*sic*) in the form of "voice-to-skull" and "self-assembling nanobots" were released to the public. (ECF 1: pp. 1-2.) These wireless technologies invade and control a person's mind and body continuously. (*Id*. p. 2.) Plaintiff contends that criminals employ these wireless devices remotely to spy, torture, and hold their victims hostage. (*Id*. p. 3.) Plaintiff argues that the Bureau of Prisons, the Illinois Department of Corrections, and the Department of Justice do not have any policies or safeguards to prevent illegal uses and abuses caused by nanoneurotechnologies from occurring. (*Id*.)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) a deprivation of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"A claim is legally frivolous if it is 'based on an indisputably meritless legal theory.'" *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)); *see also Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) ("[A] claim may be properly characterized as legally frivolous if it lacks an arguable basis in law or is

2

based on an indisputably meritless legal theory."). However, "[a] complaint cannot be dismissed under § 1915A as factually frivolous unless it rests on allegations that are clearly baseless, irrational, fanciful, or delusional." *Echols v. Craig*, 855 F.3d 807, 811 (7th Cir. 2017) (reversing dismissal on allegations that prison dentist sutured part of a broken drill bit into the plaintiff's gum); *see also Hiler v. Pollard*, No. 07-C-863, 2007 WL 4410278, at *2 (E.D. Wis. Dec. 14, 2007) (dismissing as frivolous allegations that chip was placed in plaintiff's body to monitor and manipulate body functions).

Liberally construing Plaintiff's complaint, his claim that unidentified officials at US Marion and other government agencies failed to implement safeguards to protect him from wireless technology intended to invade and control his mind and body is wholly incredible and lacks any legal basis. Accordingly, the Court dismisses Plaintiff's complaint.

Although the Court may allow Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the legally frivolous claims reraised in his initial pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's complaint [1] under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Any amendment to the complaint would be futile for the reasons stated. This case is, therefore,**

**closed. The Clerk of the Court is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Plaintiff's motion for counsel [4] is rendered MOOT with the entry of the Court's Merit Review Order.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

ENTERED July 9, 2021.

s/ *Harold A. Baker*

_____
**HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE**